UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERIC STEIGER,<br><br>　　Plaintiff,<br><br>v.<br><br>BYRON KENNEDY, ROBERT RICHESON, BRIAN RADER, INGRID FEDER, CHENA MCPHERSON, LARA BAILEY, SAYID NAQVI AND HENRY MUSHI,<br><br>　　Defendants. | Dkt. No.  3:26-cv-144<br><br>January 29, 2026 |

## COMPLAINT

1.　　The Plaintiff, Eric Steiger, brings this action to seek redress for the denial and delay of medical treatment, specifically screenings for colon cancer, by Connecticut Department of Correction personnel, which constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

### Parties

2.　　The Plaintiff, Eric Steiger, was an adult resident of Connecticut, who was born in 1963. At all times relevant to this Complaint, he was a prisoner in the custody of the Connecticut Department of Correction. He was admitted on July 13, 1987, when he was 24 years old, and has been continuously imprisoned since that time. He was convicted of capital felonies and is not expected to be released.

3.　　Defendant Byron Kennedy is a physician and, at all times relevant to this Complaint, the Chief Medical Officer of the Department of Correction (DOC). He is sued in his individual capacity.

4.　　Defendant Robert Richeson is a physician and currently the Chief Operating Officer for DOC. He has also served as the medical director for the DOC facility MacDougall-Walker Correctional Institution. He is sued in his individual capacity.

1

5. Defendant Brian Rader is a physician and, at all times relevant to this Complaint, was employed by DOC and provided primary medical care to the Plaintiff while the Plaintiff was incarcerated at Corrigan Correctional Institution. He is sued in his individual capacity.

6. Defendant Ingrid Feder is a physician and, at all times relevant to this Complaint, was employed by DOC and provided primary medical care to the Plaintiff while the Plaintiff was incarcerated at Corrigan Correctional Institution. She is sued in her individual capacity.

7. Defendant Chena McPherson was an Advanced Practice Registered Nurse (APRN) and at all times relevant to this Complaint, was employed by DOC and provided primary medical care to the Plaintiff while the Plaintiff was incarcerated at Corrigan Correctional Institution. She is sued in her individual capacity.

8. Defendant Lara Bailey was an APRN and at all times relevant to this Complaint, was employed by DOC and provided primary medical care to the Plaintiff while the Plaintiff was incarcerated at Corrigan Correctional Institution. She is sued in her individual capacity.

9. Defendant Sayid Naqvi is a physician and, at all times relevant to this Complaint, was employed by DOC and provided primary medical care to the Plaintiff while the Plaintiff was incarcerated at MacDougall-Walker Correctional Institution. He is sued in his individual capacity.

10. Defendant Henry Mushi is a registered nurse and, at all times relevant to this Complaint, was employed by DOC and provided primary medical care to the Plaintiff while the Plaintiff was incarcerated at MacDougall-Walker Correctional Institution. He is sued in his individual capacity.

## Jurisdiction and Venue

11. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367 and 42 U.S.C. §§ 1983 and 1988.

12. Venue is appropriate pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred within this district.

**Factual Allegations**

13. The Department of Correction is responsible for the health, including medical treatment, of the inmates committed to its custody. According to its own administrative directives, DOC must adhere to community standards for healthcare.

14. Defendants Kennedy and Richeson are responsible for the implementation and execution of the policies and practices for medical care of the inmates of DOC, including the Plaintiff.

15. Several medical organizations and agencies, including but not limited to the American Medical Association, Center for Disease Control, American Cancer Society and American College of Gastroenterology, recommend regular screenings for colorectal cancer at age 45 for average risk adults and earlier for individuals with family histories of cancer.

16. A colonoscopy is a medical procedure in which the inside of an individual's large intestine is examined by an endoscope, which is a camera attached to a tube, to capture images. Colonoscopies are useful for diagnosing gastrointestinal diseases and colon cancer, among other medical issues, and are also instrumental in the treatment and prevention of colon cancer.

17. Despite the recommendations by medical authorities for colorectal cancer screenings to commence at age 45 or earlier, DOC did not, at least as of August 2023 and all earlier times relevant to this Complaint, have policies to screen its inmates for colorectal cancer.

18. There is history of colon cancer on both sides of the Plaintiff's family.

19. Starting in 2013, when he was 50 years old, the Plaintiff repeatedly requested, to DOC medical personnel, a colonoscopy and other cancer screenings, verbally and in writing. He continued to make the requests until August 2023, when a colonoscopy was finally performed. It was the Plaintiff's first and only colonoscopy and it was done when he was 60 years old.

20. The Plaintiff was incarcerated at Corrigan C.I. from 2013 to 2022. During that time, he suffered from significant gastroenterological symptoms, including abdominal pain, severe bowel movements and anal bleeding, which he believed could be signs of cancer.

21. While at Corrigan, the Plaintiff received primary medical care from defendants Rader, Feder, McPherson and Bailey. The Plaintiff informed them of his symptoms and specifically requested, verbally and in writing, for a colonoscopy to performed on him to determine whether he had cancer.

22. Defendants Rader, Feder, McPherson and Bailey dismissed the Plaintiff's requests. Thus, he continued to suffer from those symptoms without receiving a colonoscopy.

23. Defendants Feder, Bailey and McPherson denied the Plaintiff's requests for a colonoscopy.

24. Defendant Rader eventually ordered a colonoscopy, but it was not timely, and was delayed until August 1, 2023.

25. Defendants Rader, Feder, McPherson and Bailey were aware of the aforementioned symptoms and risks to the Plaintiff of him not receiving the proper cancer screenings.

26. The Plaintiff was transferred to MacDougall-Walker C.I. in late 2022 where he was incarcerated through at least August 2023.

27. A colonoscopy was finally ordered in late 2022 or early 2023, however it was not performed until August 1, 2023.

28. While waiting for the colonoscopy to be performed, the Plaintiff continued to suffer from the aforementioned gastroenterological symptoms. Believing that he might have had cancer, he again requested cancer screenings, verbally and in writing.

29. While at MacDougall, the Plaintiff received care from defendant Naqui. Defendant Naqvi was aware of the Plaintiff's symptoms, but did not further order or accelerate the Plaintiff's scheduled colonoscopy or other cancer treatment.

30. On or about February 15, 2023, the Plaintiff made a written request to Defendant Mushi, requesting a cancer screening. Defendant Mushi denied the request, noting that the Plaintiff had already been referred to a provider.

31. The Plaintiff, despite experiencing pain and obvious cancer symptoms, had to wait nearly six more months for a colonoscopy to be performed.

32. A colonoscopy was finally performed on the Plaintiff at the University of Connecticut Health Center (UCONN) on August 1, 2023. The colonoscopy revealed the presence of a large mass, which was later determined to be a cancerous tumor. The Plaintiff was diagnosed with Stage 3 colon cancer. At that time, the cancer was starting to spread to the Plaintiff's lymph nodes.

33. On August 4, 2023, the tumor was removed from the Plaintiff's colon at the UCONN Health Center. The Plaintiff subsequently, for six months underwent chemotherapy to treat the cancer.

34. The Plaintiff is currently in remission but must continue to be screened for cancer.

35. As a result of the defendants' actions and omissions, the Plaintiff suffered physical pain and emotional distress, and continues to suffer from emotional distress.

36. As a result of the defendants' actions and omissions, the Plaintiff did not receive proper and timely cancer screening and preventative care, which caused him physical injury, including but not limited to colon cancer.

**First Count: Violation of the Eighth Amendment, via 42 U.S.C. § 1983, as to Defendants Kennedy and Richeson.**

Paragraphs 1-36 are hereby incorporated into this Count as if fully pleaded herein.

37. The Eighth Amendment to the United States Constitution protects individuals against cruel and unusual punishment.

38. The Fourteenth Amendment to the United States Constitution incorporates the cruel and unusual punishment clause of the Eighth Amendment on the states, including Connecticut.

39. Defendants Kennedy and Richeson failed to enact and execute policies in line with the prevailing standards of medical care for colorectal cancer screening, detection and treatment for DOC inmates, specifically those 45 years of age and older.

5

Those policy failures caused the Plaintiff to receive medical care that was Constitutionally infirm.

40. By not enacting or executing policies in line with the prevailing standards of medical care for colorectal cancer screening, detection and treatment for DOC inmates, Defendants Kennedy and Richeson were deliberately indifferent to the cancer symptoms of the Plaintiff and other inmates.

41. As a result of Defendants Kennedy and Richeson's failures, the Plaintiff was subject to cruel and unusual punishment, in violation of the Eighth Amendment.

**Second Count: Violation of the Eighth Amendment, via 42 U.S.C. § 1983, as to Defendants Rader, Feder, McPherson and Bailey.**

Paragraphs 1-38 are hereby incorporated into this Count as if fully pleaded herein.

39. Defendants Rader, Feder, McPherson and Bailey deliberately ignored the Plaintiff's cancer symptoms by not promptly ordering cancer screenings or a colonoscopy for the Plaintiff.

40. By not being given the proper medical screenings and treatment, the Plaintiff was placed at a substantial risk of developing colon cancer.

41. Defendants Rader, Feder, McPherson and Bailey were consciously aware that their actions and inactions created or allowed a substantial risk to the Plaintiff.

42. Despite being aware of the risks to the Plaintiff, Defendants Rader, Feder, McPherson and Bailey still failed to take necessary and appropriate steps to reduce or eliminate the risk.

43. As a result of their acts and omissions, Defendants Rader, Feder, McPherson and Bailey failed to provide a Constitutionally minimum level of medical care to the Plaintiff, in violation of the Eighth Amendment.

**Third Count: Violation of the Eighth Amendment, via 42 U.S.C. § 1983, as to Defendants Naqvi and Mushi.**

Paragraphs 1-38 are hereby incorporated into this Count as if fully pleaded herein.

39. Defendants Naqvi and Mushi deliberately ignored the Plaintiff's cancer symptoms by not promptly ordering cancer screenings or a colonoscopy for the Plaintiff.

40. By not being given the proper medical screenings and treatment, the Plaintiff was placed at a substantial risk of developing colon cancer.

41. Defendants Naqvi and Mushi were consciously aware that their actions and inactions created or allowed a substantial risk to the Plaintiff.

42. Despite being aware of the risks to the Plaintiff, Defendants Naqvi and Mushi still failed to take necessary and appropriate steps to reduce or eliminate the risk.

43. As a result of their acts and omissions, Defendants Naqvi and Mushi failed to provide a Constitutionally minimum level of medical care to the Plaintiff, in violation of the Eighth Amendment.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff claims:

A. Monetary damages;

B. Attorney fees;

C. Punitive damages;

D. Such other relief as required by law, justice and equity.

## DEMAND FOR TRIAL BY JURY

The Plaintiff requests trial by jury.

Dated: January 29, 2026

                        THE PLAINTIFF

By:  /s/ Norman A. Pattis
      NORMAN A. PATTIS
      CHRISTOPHER DEMATTEO
      PATTIS & PAZ, LLC
      171 Orange St.
      New Haven, CT 06511
      Tel:  (203) 393-3017
      Fax: (203) 393-9745
      npattis@pattispazlaw.com
      cdematteo@pattispazlaw.com

*Counsel for the Plaintiff*